Weygandt, C. J.
 

 The first contention of the defendants is that the lower courts were in error in holding the plaintiff a subsequent creditor. It is conceded by the defendants that immediately upon the occurrence of the collision on January 24, 1933, a cause of action arose in favor of the deceased for the injuries he sustained, and that he would have been a subsequent creditor if he had recovered a judgment and had proved actual intent to defraud.
 
 Evans
 
 v.
 
 Lewis,
 
 30 Ohio St., 11. They agree also that upon his death his cause of action of course could have been prosecuted by the plaintiff as administratrix, and that in similar fashion she would have been a subsequent creditor. However, instead of following this procedure she filed a different action on behalf of her daughter and herself to recover for his wrongful death. The defendants insist that this cause of action did not arise until his death on February 10, 1933 — more than two weeks after John Monning conveyed his property to his sister, and that therefore the plaintiff is not entitled to the status of a subsequent creditor even if the grantor thereby becomes insolvent and the transfer was voluntary and motivated by actual fraud.
 

 If Ohio were among the states that have adopted the Uniform Fraudulent Conveyance Act, this contention of the defendants would require no discussion, inasmuch as the express provisions thereof authorize a future creditor to set aside a transfer under such circumstances. Furthermore, in the act a creditor is defined as “a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.” However, as indicated by this court in the cases of
 
 Evans
 
 v.
 
 Lewis, supra,
 
 and
 
 Pfisterer
 
 v.
 
 Toledo, Bowling Green & Southern
 
 
 *271
 

 Traction Co.,
 
 89 Ohio St., 172, 106 N. E., 18, this has not been the rule in this state. 39 A. L. R., 179.
 

 The defendants are correct in pointing out that the plaintiff could not have filed the wrongful death action before February 10, 1933, the date her husband died. But under the circumstances of this case this fact is not conclusive. As observed by the Court of Appeals, the evidence indicates clearly that Monning immediately saw the serious condition of the decedent and realized the improbability of his recovery. Hence,, if Monning’s intent was to execute a fraudulent conveyance the next morning, it was his manifest purpose to protect himself in every possible manner from the consequences of his completed act of negligence. He knew he was at once subject to an action for personal injuries irrespective of whether Edwards lived or died. He realized, too, that in the latter event he would be subject also to an action for wrongful death without any further act on his part. In other words, so far as his own conduct with reference thereto was concerned, the only tortious act involved was, in any contingency, his negligence of January 24, 1933 — the day before he made the transfer. Under these circumstances it is the view of this court that Monning should not thus be permitted to escape part of the probable, direct and anticipated consequences of his original act of negligence. The pronouncements in the
 
 Evans
 
 and
 
 Pfisterer cases, supra,
 
 are modified accordingly. The lower courts were correct in holding the plaintiff a subsequent creditor.
 

 The second contention of the defendants is that the evidence discloses no actual intent on the part of Monning to defraud the plaintiff. A study of the record convinces this court of the correctness of the following comment by the Court of Appeals:
 

 “We have no difficulty in concluding that there was substantial evidence to sustain a finding by the trial court that such conveyance was gratuitous, that Mon
 
 *272
 
 ning made such conveyance for the sole purpose of preventing the plaintiff or her decedent from satisfying a judgment against the grantor out of the property conveyed, that his sister the defendant, Anna Augusta Monning was fully cognizant of the fact at the time of transfer that her brother had injured the decedent in the operation of Monning’s automobile, and that such conveyance would cause her brother to be entirely execution proof and insolvent.”
 

 Likewise, the Court of Common Pleas made a finding of fact as follows:
 

 “The court further finds that the transfer was made with the intent to defraud the plaintiff, a subsequent creditor; that the defendant, Anna Augusta Monning had knowledge of this fraud and participated therein and that the conveyance made by the same John Frederick Monning to Anna Augusta Monning was without consideration and plaintiff is entitled to have the transfer of said real estate set aside.”
 

 Then, too, in its opinion the Court of Common Pleas made the following pertinent observation:
 

 “The defendant Anna Augusta Monning claimed .that there was ample consideration for the transfer in question; that she had boarded her brother, John Frederick Monning, over a period of years, and that there was due and owing her for board and for money advanced from time to time to her brother, considerably over three thousand dollars, which remained unpaid. However, the testimony disclosed that the $500 note executed by John Frederick Monning in favor of his sister, Anna Augusta Monning, was not paid or discharged by the transfer in question. In fact, it still remained in the possession of the defendant Anna Augusta Monning at the time of the trial; nor was there offered in evidence any receipt for the payment of this so-called board bill.
 

 “The testimony further reveals that on the very morning this transfer was made Anna Augusta Mon
 
 *273
 
 ning had given to her brother $25 with which to pay to Grace Edwards, wife of the deceased.”
 

 Of course this court is not required to weigh the evidence, and it does not do so here. The actual intent to defraud is obvious and unconscionable.
 

 The lower courts were likewise correct in holding that the bank was a
 
 bona fide
 
 mortgagee and therefore entitled to a prior lien on the realty.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.